Gordon Pascal v. Commissioner. Helen L. Pascal v. Commissioner.
Pascal v. Commissioner
Docket Nos. 48373, 48374.
United States Tax Court
T.C. Memo 1956-83; 1956 Tax Ct. Memo LEXIS 212; 15 T.C.M. (CCH) 434; T.C.M. (RIA) 56083; April 11, 1956
*212 Charles F. Pendleton, Esq., for the petitioners. George E. Constable, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax for the year 1947 against each petitioner in the amount of $468.65. The issues are whether petitioners are entitled to deductions in excess of the amounts allowed by the respondent for (1) business expenses, (2) rental expenses, and (3) medical expenses. The issue of the statute of limitations has been waived by the petitioners. The issues raised by the answer have been waived by the respondent. Findings of Fact The stipulated facts are found accordingly. Petitioners are husband and wife and filed separate returns on a community property basis with the collector of internal revenue for the sixth district of California, dividing the income and deductions between them. Petitioners reported their income on the cash receipts and disbursements method. In the taxable year involved, petitioners were employed by Pascal's Inc., an antique dealer. Each petitioner received a salary of $4,420. The amount of $582.40 was withheld by the corporation on account *213 of Federal income tax. Petitioners reported gross income of $9,521.41 and claimed business expense deductions aggregating $3,327.20 under some 14 different classifications. The respondent allowed $880.73 and disallowed the amounts claimed as follows: Items
Claimed
Disallowed
Books and Trade Magazines
$177.70
$160.92
Clubs and Association
75.00
75.00
Collaboration cost
125.00
100.00
Staff expense
916.00
916.00
Conference costs
463.50
363.50
Entertainment costs
520.15
420.15
Flowers and gifts
175.55
158.60
Office supplies
24.52
9.25
Theatre tickets
244.80
244.80 Petitioners have not shown that they incurred and paid in 1947 business expenses in excess of the amount allowed by the respondent. Petitioners had two houses on a lot at 410 and 410 1/2 North Maple Drive, in Beverly Hills, California. Petitioners occupied the house at 410 as their residence and rented the other house for $624 per year. Petitioners claimed rental expenses in the amount of $1,906.82. The respondent disallowed the amount of $1,007.24. The amounts in dispute are $16.34 for repairs, $6.90 for utilities, and $984 designated as "Outside help grounds". The latter *214 amount included $75 for seed. In 1947 petitioners employed a housekeeper who lived at their residence. In addition to her duties in the home she also looked after the flowers on both the petitioners' residence and the rental property. Such chores consumed about two hours a day on the average. In 1947 petitioners paid the housekeeper a salary of $100 per month in addition to her board and lodging, an estimated total of $1,818. They claimed $909, or one-half such amount, as a rental expense. Petitioners have failed to establish the payment of amounts in excess of those allowed by respondent for repairs, utilities, and seed. A reasonable allowance for the work performed by the maid on the grounds of the rental property is fixed at $175. Peter Pascal, a minor son of petitioners, was having difficulties in the local school and with the police for car thefts. Petitioners consulted with their family physician, Dr. N. Edward Gourson, who was neither a psychiatrist nor a neurologist. After examining Peter, Dr. Gourson determined there was no physical or mental illness, but from Peter's mental attitude felt it was a pure psychosomatic case. A change in environment and association was suggested *215 and the doctor recommended that Peter be sent to the Scarborough School for boys in New York State. Peter Pascal attended such school during the taxable year 1947. Petitioners reported medical expenses totaling $2,531.37 and deducted $2,317.01 as in excess of five per cent of adjusted gross income. Included in the total amount of medical expenses claimed by petitioners is the sum of $1,419 for tuition, travel, and medical expenditures for Peter while attending the Scarborough School. The remainder of the amount claimed consists of payments for doctors, dentist, accident and health insurance premium, vitamins, and medical equipment and supplies. The respondent disallowed the amount of $1,311.21 expended for travel and tuition of Peter Pascal as not constituting medical expenses. He also disallowed for lack of verification the amount of $881.66 claimed as additional medical expense. Petitioners have not carried the burden of showing that the amount of $1,311.21 expended in 1947 for travel and tuition qualifies as a medical expense within the meaning of section 23(x) of the Internal Revenue Code of 1939. In the taxable year 1947 petitioners incurred and paid medical expenses in *216 the total amount of $500, one-half of which amount is applicable to each petitioner. Opinion LEMIRE, Judge: This proceeding involves the disallowance of certain deductions claimed by petitioners in the year 1947 and classified as business, rental, and medical expenses. Both petitioners were employed by Pascal's Inc., an antique dealer. Each petitioner received a salary of $4,420. They also received rental income of $624 and interest of $57.41, or total gross receipts of $9,521.41. Petitioners reported expenses aggregating $7,765.38, or approximately 81.5 per cent of gross income. Petitioners claimed the amount of $3,327.20 as "Business" expenses under 14 classifications. The respondent allowed the amount of $594.71 representing management services, telephone, parking, and unemployment insurance taxes in the full amount claimed. He allowed the amount of $286.02 representing promotional expenditures for such items as clubs, magazines, conference, staff, entertainment, flowers and gifts, and theatre tickets. Petitioners have been able to establish payment of business expenses in controversy to the extent of $286.02. They contend that the supporting records to establish the additional *217 amounts claimed were furnished to their accountant for making their returns and after receiving them back they were either inadvertently lost or burned and were unavailable. Petitioners have produced approximately 85 cancelled checks with supporting vouchers, covering the period of the entire year 1947. No explanation has been offered as to how these cancelled checks and vouchers became separated from the other supporting data returned to petitioners by the accountant, which it is now claimed were lost or burned. The fact that the unsupported expenditures were patently lavish and exorbitant in proportion to gross income, together with the other circumstances raises a doubt in the mind of the Court whether there was in fact any other supporting data. Petitioners' accountant, Walter P. Warmbold, was sworn in as a witness in an endeavor to establish that the figures shown on the 1947 returns were prepared from records furnished by petitioners. He explained the practice followed by his office in the preparation of tax returns for clients and stated that his record disclosed that some 540 returns were filed on the same day. He testified that the work sheet from which petitioners' returns *218 were prepared was compiled by an employee whose present whereabouts was unknown and he checked the return with the work papers. The work sheet was offered in evidence. It sets forth the totals of the items under the classifications reported on the returns. Warmbold admitted that the work sheet did not show what supporting data was furnished by petitioners. Petitioner Gordon Pascal, on direct examination, testified as follows: "Q. Let me ask you this again, Mr. Pascal: At the time that you turned your materials over to Mr. Warmbold for preparation of your 1947 income tax return, did you furnish him with all the items and the memorandums that you had at this time? "A. Well, I furnished him with what I had. Now, as far as the items that I jotted down during the year, my memory is, what I did was to add them up myself, and just give him what they came to. I don't believe I took down each little note." In the light of the testimony we are not persuaded that the testimony of Warmbold supplies the necessary proof of payment of the items in controversy. We are here confronted with inadequate records. Petitioners have the burden of proving that the respondent's determination was in *219 error. Welch v. Helvering, 290 U.S. 111. They have not done so. Whether their failure is due to impossibility or some other reason does not better their position. Burnet v. Houston, 283 U.S. 223. Therefore, the respondent's disallowance of the deduction for certain business expenses is sustained. Petitioners also contest the disallowance of certain deductions claimed as rental expenses. The disputed amounts are $16.34 for repairs, $6.90 for utilities, and $984 for "Outside help grounds". Of the latter amount the sum of $75 is alleged to have been expended for seed. Payment for the amounts disallowed for repairs, utilities, and seed has not been shown, and the respondent's disallowance of such amounts is sustained. Of the balance of the $984 disallowed, $909 represents one-half the amount estimated to have been expended for wages, board and lodging of a full-time housekeeper employed by petitioners. Petitioners concede that the amount claimed is excessive and request that a reasonable amount be allowed for the work performed on the grounds of the rental property by their housekeeper. On the basis of the facts shown and under the rule of Cohan v. Commissioner, 39 Fed. (2d) 540, *220 a reasonable amount for such services is $175 and we have so found as a fact. Finally, petitioners claimed medical expenses in the aggregate amount of $2,531.37 and contend that they are entitled to deduct the amount by which these payments exceed five per cent of the adjusted gross income. Petitioners concede that $58 of the amount claimed was paid for professional medical services incurred for their maid and is not deductible. Also included as a medical expense is the sum of $1,311.21, paid for travel and tuition for their son Peter, who was enrolled at the Scarborough School for boys in New York State. The record discloses that Peter was having trouble in the local school, and that their family physician determined that while he was not physically or mentally ill, his mental attitude indicated a psychosomatic condition and he felt that Peter should have a change of environment and association. The physician was not familiar with schools in the locality. He had obtained his education in New York State and had some knowledge of the results achieved with boys at the Scarborough School in New York, and he suggested that Peter be sent to that school. So far as this record discloses *221 the Scarborough School was none other than a school where the character of the curriculum and the disciplinary methods employed had a beneficial effect on a boy's attitude toward life. Such evidence is not sufficient, in our opinion, to qualify the expenditure as a medical expense within the purview of section 23(x) of the Internal Revenue Code of 1939. To hold otherwise would, we think, open the door to excessive abuses. It is common knowledge that problem children are not rare and that the proper home surroundings and parental discipline furnish efficient and adequate correctives. The record shows that both the petitioners were employed and spent nearly every evening away from home. That improvement would result from a change in environment and association would seem to be a normal and natural expectation. Peter was not an incorrigible child. That his mental attitude improved does not serve to make the expenditure deductible as a medical expense. Petitioners have not shown error in respondent's disallowance of the amount expended for Peter's travel and tuition in attending such school. Petitioners have established the payment of medical expenses in 1947 in the amount of $341.50. *222 We are satisfied that petitioners incurred some additional medical expenses for which they were unable to show actual payment. Therefore, under the Cohan rule we have allowed as reasonable an additional amount sufficient to bring petitioners' total medical expenditures to the sum of $500. To the extent that such amount is in excess of five per cent of their total adjusted gross income it is deductible under section 23(x) of the Code. Decisions will be entered under Rule 50.